**Immigrant Rights Clinic**
***Detention and Deportation Defense Initiative (DDDI)***
Center for Law and Justice
123 Washington Street
Newark, NJ 07102-3026
https://law.rutgers.edu/immigrant-rights-clinic
Ph: 973-353-5292   Fax: 973-755-9181

December 11, 2025

SO ORDERED this __12th__ day of __December__ 20__25__

_____
United States District Judge

**BY ECF**
The Honorable Susan D. Wigenton, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:    *Guillen v. Soto*, No. 2:25-cv-17917-SDW

Dear Judge Wigenton:

Please accept this letter in lieu of a more formal filing.

On December 1, 2025, this Court issued an order granting Petitioner Junior Marte Guillen's writ of habeas corpus, finding that he was detained under 8 U.S.C. § 1226(a) and directing a bond hearing to take place before an immigration judge on or before December 5, 2025. *See* ECF No. 3. The Court directed Respondents to file an expedited response on or before December 8, 2025, if they contended that the District Court's reasoning in *Bethancourt-Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572 (DNJ Oct. 22, 2025), did not apply in this case. The Court directed Petitioner to file a reply on or before December 11, 2025.

The bond hearing took place before Immigration Judge Ramin Rastegar on December 5, 2025. Judge Rastegar denied Petitioner's request for bond, finding that he posed a flight risk. *See* ECF No. 5-1. On December 8, 2025, Respondents alerted the Court to this denial but did not file a response to the habeas petition or any contentions regarding *Bethancourt-Soto*. *See id.*

Petitioner understands that the deadline of December 11, 2025, is for Petitioner to reply to Respondents' contentions regarding the applicability of *Bethancourt-Soto*. Petitioner does not contest the government's filing of December 8, which simply stated that Petitioner was denied bond.

However, the bond hearing that took place before Judge Rastegar on December 5 did not comport with due process requirements and was not fundamentally fair. Additionally, the bond hearing did not provide the complete relief that Petitioner seeks in his Petition. Thus, Petitioners request leave to file a response with this Court on or before December 19, 2025.

Petitioner conferred with Respondents' counsel, who agreed with this proposed schedule. Respondents also indicated that they would file their response on or before December 30, 2025.