UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNIOR MARTE GUILLEN, | Civil Action No. 25-17917 (SDW) |
| Petitioner, | |
| v. | OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1. Petitioner Junior Marte Guillen filed a petition for a writ of habeas corpus on November 25, 2025 alleging that he was being illegally detained by Immigration and Customs Enforcement ("ICE"). (ECF No. 1).

2. This Court issued a text order on December 1, 2025 directing Respondents to either provide Petitioner with a bond hearing or file an answer distinguishing the facts from the recent decision in *Bethancourt- Soto v. Soto, et al.*, No. 25–cv–16200, __ F. Supp. 3d __, 2025 WL 2976572 (D.N.J. Oct. 22, 2025). (ECF No. 2).

3. Respondents did not file any answer arguing that *Bethancourt-Soto* was factually distinguishable from the facts in this matter. Instead, Respondents submitted a letter on December 8, 2025 indicating that Petitioner had a bond hearing before Immigration Judge Ramin Rastegar on December 5, 2025. (ECF No. 5). According to Respondents, Judge Rastegar concluded that Petitioner was a flight risk and denied Petitioner bond. (*Id.*).

4. On December 19, 2025, Petitioner filed a motion for reconsideration ("Motion") of this Court's order granting a bond hearing and asking this Court to order his immediate release. (ECF No. 12).

5.  Respondents filed opposition to the Motion on December 29, 2025.  (ECF No. 15).

6.  To succeed on a motion for reconsideration, the movant must demonstrate at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

7.  Petitioner fails to present any arguments identifying a valid basis for reconsideration.  Therefore, the Motion is denied.

8.  The proceedings will be closed, and any restrictions on Petitioner's location imposed by this Court shall be lifted.

9.  An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: January 13, 2026